1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TAI T. KINCAID,                          Case No.  2:25-cv-1705-JDP (P)

12                    Plaintiff,

13          v.                                ORDER

14   CDCR,

15                    Defendant.

16

17

18          Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against CDCR for

19   injuries he sustained when he was ejected from a golf cart while being transported around the

20   prison.  ECF No. 1.  The allegations fail to state a claim.  Plaintiff may, if he chooses, file an

21   amended complaint that addresses the deficiencies noted herein.  I will grant plaintiff's

22   application to proceed *in forma pauperis*.  ECF No. 2.

23                          **Screening and Pleading Requirements**

24          A federal court must screen the complaint of any claimant seeking permission to proceed

25   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

26   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

27   which relief may be granted, or seeks monetary relief from a defendant who is immune from such

28   relief.  *Id.*

                                        1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on August 17, 2023, he was in a golf cart being transported from New Folsom State Prison to Old Folsom State Prison when the cart tipped and ejected him. ECF No. 1 at 3. Plaintiff suffered injury to his neck, spine, and right hip. *Id.* Plaintiff purports to bring a negligence claim against defendant CDCR. *Id.*

The complaint fails to state a claim for two main reasons. First, the only named defendant is CDCR. However, CDCR is not a proper defendant because it is a state agency that is immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); *Pennhurst State Sch. & Hosp. v. Halderman*, 465

1    U.S. 89, 100 (1984) (explaining that Eleventh Amendment immunity extends to state agencies).

2    Second, plaintiff only asserts a state law claim for negligence.  Therefore, this court's jurisdiction

3    depends on diversity jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332; *see also Rainero v. Archon*

4    *Corp.*, 844 F.3d 832, 839 (9th Cir. 2016) ("For a federal court to exercise diversity jurisdiction

5    under § 1332(a), the amount in controversy must exceed $75,000, and the parties must be citizens

6    of different states.").  Diversity jurisdiction exists in all civil actions in which there is complete

7    diversity of citizenship of the parties and the amount in controversy exceeds $75,000.  28 U.S.C.

8    § 1332.  Because plaintiff and defendant are not diverse, this court lacks jurisdiction over

9    plaintiff's claim.

10          Accordingly, plaintiff's complaint is dismissed for failure to state a claim.  I will allow

11    plaintiff a chance to amend his complaint before recommending that this action be dismissed.  If

12    plaintiff decides to file an amended complaint, the amended complaint will supersede the current

13    one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means

14    that the amended complaint will need to be complete on its face without reference to the prior

15    pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no

16    longer serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will

17    need to assert each claim and allege each defendant's involvement in sufficient detail.  The

18    amended complaint should be titled "First Amended Complaint" and refer to the appropriate case

19    number.  If plaintiff does not file an amended complaint, I will recommend that this action be

20    dismissed.

21          Accordingly, it is hereby ORDERED that:

22          1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

23          2.  Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

24          3.  Within thirty days from service of this order, plaintiff shall file either (1) an amended

25    complaint or (2) notice of voluntary dismissal of this action without prejudice.

26          4.  Failure to timely file either an amended complaint or notice of voluntary dismissal may

27    result in the imposition of sanctions, including a recommendation that this action be dismissed

28    with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

1        5.  The Clerk of Court shall send plaintiff a complaint form with this order.

2

3    IT IS SO ORDERED.

4

5    Dated:    July 15, 2025
                                                     

6                                     JEREMY D. PETERSON
                                 UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28