UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAI T. KINCAID,

          Plaintiff,

    v.

BAKER,

          Defendant.

Case No.  2:25-cv-1705-JDP (P)

ORDER

Plaintiff, a prisoner proceeding pro se with this section 1983 action, has motioned for appointment of counsel.  ECF No. 30.  His motion is denied.  Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  The court may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113

1

F.3d at 1525 (internal quotation marks and citations omitted).

Here, plaintiff has not identified any exceptional circumstances requiring the appointment of counsel. He does cite "the likelihood of success," ECF No. 30 at 1, but he does not expound upon this issue. And the other factors cut against appointment insofar as allegations in the complaint are not exceptionally complicated and, thus far, plaintiff appears capable of articulating his claims.

It is, therefore, ORDERED that plaintiff's motion to appoint counsel, ECF No. 30, is DENIED.

IT IS SO ORDERED.

Dated:    May 27, 2026                          _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE